DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 120162)
    kellisager@dwt.com
DAN LAIDMAN (State Bar No. 274482)
    danlaidman@dwt.com
SELINA MACLAREN (State Bar No. 300001)
    selinamaclaren@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

LOS ANGELES TIMES COMMUNICATIONS LLC
JEFF GLASSER (State Bar No. 252596)
2300 E. Imperial Highway
El Segundo, California  90245
Telephone:  (213) 237-5000

Attorneys for Plaintiff
LOS ANGELES TIMES COMMUNICATIONS LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES TIMES COMMUNICATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; OFFICE OF INSPECTOR GENERAL, U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | Case No. 2:20-cv-10911<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.** |

1.     Los Angeles Times Communications LLC ("The Times") brings this action under the Freedom of Information Act, 5 U.S.C. § 552 et seq., as amended ("FOIA"), to obtain injunctive and other appropriate relief requiring the U.S. Department of Homeland Security ("DHS"), the Office of Inspector General ("OIG") for DHS, and U.S. Immigration and Customs Enforcement ("ICE")

1

1   (collectively, "Defendants") to immediately disclose records concerning DHS's

2   policies and performance in addressing allegations of widespread sexual abuse,

3   harassment, and misconduct at ICE detention centers.  The Times submitted five

4   FOIA requests to Defendants more than three months ago (collectively, the "FOIA

5   Requests"), seeking policy documents, inspector general reports, and records with

6   statistical data that would shed light on DHS' institutional response to these

7   allegations.  Defendants have not claimed the records are exempt from disclosure,

8   or offered any other substantive response.  Instead, they have completely ignored

9   the Requests, leaving The Times with no choice but to file this action to compel

10  Defendants to comply with their obligations under FOIA to promptly respond and

11  produce responsive records concerning this matter of tremendous public concern.

12          2.      The Freedom of Information Act "focuses on the citizens' right to be

13  informed about 'what their government is up to,'" by requiring the release of

14  "[o]fficial information that sheds light on an agency's performance of its statutory

15  duties." DOJ v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 750, 773

16  (1989) (citation omitted).  "[D]isclosure, not secrecy, is the dominant objective" of

17  FOIA. Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8,

18  (2001) (internal quotation marks and citations omitted).  The Times' FOIA

19  Requests seek disclosure of critical information about how – and whether – DHS

20  and ICE are satisfying their statutory obligation to protect detained immigrants from

21  sexual abuse and harassment.  The FOIA Requests fall squarely within the FOIA's

22  statutory purpose of informing the public about "what their government is up to," as

23  the United States Supreme Court has said.  Accordingly, FOIA mandates prompt

24  production of these responsive records, without which "democracy cannot

25  function." See Reporters Comm. for Freedom of the Press, 489 U.S. at 750

26  (citation omitted).  Plaintiff, as a news media organization, plays a pivotal role in

27  safeguarding the FOIA's purpose of bringing critical government information to the

28  public.  The First Amendment's guarantee of press freedom recognizes that

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

journalists play an "essential role in our democracy," namely "to bare the secrets of government and inform the people." <u>New York Times. Co. v. United States</u>, 403 U.S. 713, 717 (1971) (Black, J. concurring).

3.      Tens of thousands of immigrants – including children, asylum-seekers, and individuals who were legally in this country, but overstayed their visas – are civilly detained in facilities across the United States as they await immigration proceedings, which can take months, years, or even decades.  Recent reporting by The Times and other news media outlets has detailed allegations of sexual abuse committed by facility staff and other detainees, and a system that leaves victims with no legal recourse.  The FOIA Requests seek agency records that will provide the public with important information about DHS' policies and performance in responding to these serious allegations.  Defendants' failure to provide any substantive response for more than three months fails to comply with FOIA and deprives the public of vital information that is necessary to evaluate whether the government is properly protecting vulnerable people in its massive, taxpayer-funded civil detention system.

4.      Given the substantial public interest and urgency to inform the public concerning these matters, The Times seeks expeditious treatment of this Complaint pursuant to 28 U.S.C. § 1657.

**PARTIES**

5.      Plaintiff Los Angeles Times Communications LLC is a limited liability corporation organized under the laws of the State of Delaware, with its principal place of business in Los Angeles County.  The Times publishes the <u>Los Angeles Times</u> newspaper and the latimes.com website.  The Times and its reporters are "representative[s] of the news media" within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii)(III).

6.      Defendant U.S. Department of Homeland Security ("DHS") is a department of the Executive Branch of the United States government, and is an

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"agency" within the meaning of 5 U.S.C. § 552(f)(1). Plaintiff is informed and believes that DHS has possession and control of certain records sought by the FOIA Requests.

7.      Defendant DHS Office of the Inspector General ("OIG") is a component of the U.S. Department of Homeland Security, and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). Plaintiff is informed and believes that OIG has possession and control of certain records sought by the FOIA Requests.

8.      Defendant U.S. Immigration and Customs Enforcement ("ICE") is a component of the U.S. Department of Homeland Security, and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). Plaintiff is informed and believes that ICE has possession and control of certain records sought by the FOIA Requests.

## JURISDICTION

9.      This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

10.      Defendants have failed to provide <u>any</u> substantive response to the FOIA Requests, let alone meet their statutory obligation to respond by the deadline set by FOIA. <u>See</u> 5 U.S.C. § 552(a)(6)(A)-(B). Plaintiff therefore has exhausted its administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C).

## VENUE

11.      Venue in the Central District of California is proper under 5 U.S.C. § 552(a)(4)(B) because The Times has its principal place of business in Los Angeles County. For the same reason, venue also is proper under 28 U.S.C. § 1391(e).

## FACTS

### I.      Background On Immigration Detention Facilities

12.      The United States has the largest immigration detention system in the world, detaining an average of more than 50,000 men, women, and children on any

---

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

given day.  See "Editorial: Reported surgeries on detained migrant women must be investigated" ("Editorial: Reported Surgeries"), Los Angeles Times (Oct. 7, 2020), https://www.latimes.com/opinion/story/2020-10-07/surgeries-hysterectomies-detained-migrant-women-must-be-investigated.  The vast majority of these detainees are held in private, for-profit prisons or contracted space in local jails.  See DHS Office of Inspector General Report, "ICE Does Not Fully Use Contracting Tools to Hold Detention Facility Contractors Accountable for Failing to Meet Performance Standards," OIG-19-18 (Jan. 29, 2019) ("OIG Report 19-18"), available at https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-Jan19.pdf (noting that of the 211 facilities used to detain immigrants in 2017, only five were owned by ICE).  The detention system costs $2.7 billion in taxpayer dollars.  See DHS Budget-in-Brief, Fiscal Year 2020, at 3, available at https://www.dhs.gov/sites/default/files/publications/19_0318_MGMT_FY-2020-Budget-In-Brief.pdf.

13.     These detainees are not being held because they have been convicted of a crime, for which they are serving a court-imposed sentence; instead, these individuals are confined in civil custody while their immigration claims or immigration proceedings are being processed – a period that lasts an average of more than four weeks, but can last for years or even decades.  See Andrea Castillo and Paloma Esquivel, "California police got hundreds of calls about abuse in private ICE detention centers.  Cases were rarely prosecuted" ("California police"), Los Angeles Times (Oct. 18, 2020), https://www.latimes.com/california/story/2020-10-18/california-police-immigration-detention-abuse; Emily Kassie, "Detained: How the US built the world's largest immigrant detention system," The Guardian (Sep. 24, 2019), https://www.theguardian.com/us-news/2019/sep/24/detained-us-largest-immigrant-detention-trump.  The majority of these detainees have no criminal history whatsoever.  Id.  They include children, as well as families and individuals using the congressionally authorized asylum system to seek protection

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

from violence in their home countries.  See id.; "Editorial: Reported Surgeries," supra.  By law, DHS and the agencies operating under DHS, including OIG and ICE, are responsible for the safety and welfare of all of these detainees.  See Castillo and Esquivel, "California police," supra.

14.     Recent news reports have raised serious questions about whether the federal immigration detention system is failing to respond to allegations of abuse, assault, and harassment in the facilities.  The reported abuse includes, for example, alleged forced sterilization of women and prolonged detention of children in overcrowded facilities.  See Molly O'Toole, "19 Women Allege Medical Abuse in Georgia Immigration Detention," Los Angeles Times (Oct. 22, 2020), https://www.latimes.com/politics/story/2020-10-22/women-allege-medical-abuse-georgia-immigration-detention; DHS Office of Inspector General, "Management Alert – DHS Needs to Address Dangerous Overcrowding and Prolonged Detention of Children and Adults in the Rio Grande Valley," OIG 19-51, (Jul. 2, 2019), https://assets.documentcloud.org/documents/6180042/DHSOIG-7-2-19.pdf; Aura Bogado, Patrick Michels, Vanessa Swales and Edgar Walters, "Migrant children sent to shelters with histories of abuse allegations," Reveal News (June 20, 2018), https://www.revealnews.org/article/migrant-children-sent-to-shelters-with-histories-of-abuse-allegations/.  It also includes allegations of rape, sexual assault, and violence against detainees in California's four privately run detention centers overseen by ICE.  See id.; Castillo and Esquivel, "California police," supra.

15.     The allegations call into question the government's compliance with a 2003 statute, the Prison Rape Elimination Act — which provides national standards and funding to prevent incidents of sexual violence in prisons — as well as ICE's stated policies.  See Prison Rape Elimination Act: Overview, Bureau of Justice Assistance, https://bja.ojp.gov/program/prison-rape-elimination-act-prea/overview. Prior news articles published in The Times have reported that ICE representatives, prison officials, and local law enforcement provide contradictory information about

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

which authority has jurisdiction over sexual abuse cases and can open a criminal investigation.  See Castillo and Esquivel, "California police," supra.  It is not uncommon for a victim, suspect, or witness to be deported before a suspect is charged, leaving the victim with no legal recourse.  See id.

16.     The failures of the federal government to protect detainees were outlined in a January 2019 OIG report.  See OIG Report 19-18, supra.  That report concluded that ICE "does not adequately hold detention facility contractors accountable for not meeting performance standards."  OIG Report 19-18, supra, at 3.  The report discovered 14,003 deficiencies at 106 contract facilities over a 2.5-year period, including deficiencies "that jeopardize the safety and rights of detainees, such as failing to notify ICE about sexual assaults and failing to forward allegations regarding misconduct of facility staff to ICE [Enforcement and Removal Operations]."  OIG Report 19-18, supra, at 8.  Notwithstanding the thousands of deficiencies, ICE imposed financial penalties on facilities only twice.  OIG Report 19-18, supra, at 8.

17.     The public has a strong and immediate interest in understanding how the federal government is addressing these serious allegations of sexual abuse, harassment, and misconduct against individuals in the government's care.  Not only is the detention system funded by billions in taxpayer dollars, it also involves public-private partnerships that raise questions about government accountability for the operations of its facilities.  Moreover, the public has an interest in understanding the enforcement of federal legislation designed to address the problem of sexual assault and misconduct against detainees.  Defendants' failure to respond to The Times' FOIA Requests has forestalled the public's ability to understand these issues and scrutinize the policies and performance of DHS and agencies within it.

## II.     The FOIA Requests

### A.     First FOIA Request, 2020-IGFO-00153

18.     Through a FOIA Request addressed to OIG on June 29, 2020, Times

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

reporter Jie Jenny Zou, on behalf of The Times, requested electronic copies, to be delivered by email, of the following records:

             a.     All underlying records for a 2019 DHS OIG report titled, "Oversight Review of the Department of Homeland Security Immigration and Customs Enforcement, Office of Professional Responsibility, Investigations Division," also known as OIG-19-14.

19. Ms. Zou also requested a waiver for all applicable fees. Attached as **Exhibit A** is a true and correct copy of the First FOIA Request.

20. The FOIA Request contains a hyperlink to the following webpage containing the OIG Report that is the subject of this FOIA Request:

https://www.oig.dhs.gov/sites/default/files/assets/2018-12/OIG-19-14-Dec18.pdf ("OIG Report 19-14"). OIG Report 19-14 summarized a periodic oversight review of ICE's Office of Professional Responsibility, Investigations Division, which is the division of ICE responsible for investigating allegations of misconduct by ICE employees and contractors. The report outlines how complaints are collected, categorized, and subsequently investigated or dismissed, either by OPR or OIG. Among other things, the report found that the most common type of allegation were allegations of detainee sexual assault. Id. at 3.

21. On July 8, 2020, Ms. Zou spoke with an OIG representative on the telephone and confirmed that OIG received the First FOIA Request. Ms. Zou followed up with emails and telephone calls on July 21, August 10, and August 19, 2020. A true and correct copy of Ms. Zou's email correspondence is attached as **Exhibit B**.

22. By letter dated August 11, 2020, OIG acknowledged receipt of the First FOIA Request and assigned it FOIA No. 2020-IGFO-00153. In its response, OIG did not make a determination as to the requested fee waiver. OIG also did not provide an estimated date of completion in its response, although the DHS website

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

lists the "estimated delivery date" as August 17, 2020.  Attached as **Exhibit C** is a true and correct copy of this acknowledgment of receipt.

23.     As of December 1, 2020, more than 20 days (excepting Saturdays, Sundays, and legal public holidays) have elapsed since OIG received the Request.

24.     As of the filing date of this Complaint, 155 days have elapsed since OIG received the Request, yet OIG has failed to produce even a single responsive record, or even notify Plaintiff whether OIG will comply with the Request.

25.     Because OIG has failed to comply with the time limit provision of FOIA, 5 U.S.C. § 552(a)(6)(A)(i), which required a response within twenty (20) business days, Plaintiff is deemed to have exhausted its administrative remedies concerning this Request, under 5 U.S.C. § 552(a)(6)(C)(i).

**B.     Second FOIA Request, 2020-IGFO-00175**

26.     Through a FOIA Request addressed to OIG on July 20, 2020, Ms. Zou, on behalf of The Times, requested electronic copies, to be delivered by email, of the following records:

a.     All DHS OIG (Office of Inspector General) Reports of Investigations (ROIs) relating to allegations at dedicated ERO (Enforcement and Removal Operations) facilities that have been previously released under the Freedom of Information Act (this is colloquially known as a 'piggyback' request).[1]

27.     Ms. Zou also requested a waiver for all applicable fees.  Attached as **Exhibit D** is a true and correct copy of the Second FOIA Request.

28.     ROIs are final agency reports that must be created within 30 business days following the completion of an investigation into misconduct and criminal behavior by DHS employees.  See OIG Report 19-14 at 11.  Plaintiff is informed

_____

[1] This FOIA request seeks all ROIs at dedicated ICE detention facilities (the 40 or so ERO facilities).  OIG appears to conduct only a few dozen ROIs annually, according to OIG Report 19-14.

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and believes that dozens of ROIs are made every year.  The Second FOIA Request seeks the ROIs that are connected with a subset of ICE facilities called Enforcement and Removal Operations facilities, to the extent those ROIs have already been released in response to other FOIA requests.

29.    On August 10, 2020, Ms. Zou sent an email to OIG requesting confirmation of receipt.  On August 19, 2020, Ms. Zou followed up again by email and telephone call.  A true and correct copy of Ms. Zou's email correspondence is attached as **Exhibit B**.

30.    By letter dated August 19, 2020, OIG acknowledged receipt of the Second FOIA Request and assigned it FOIA No. 2020-IGFO-00175.  In its response, OIG did not make a determination as to the requested fee waiver.  OIG also did not provide an estimated date of completion in its response, although the DHS website lists the "estimated delivery date" as August 23, 2020.  Attached as **Exhibit E** is a true and correct copy of this acknowledgment of receipt.

31.    As of December 1, 2020, more than 20 days (excepting Saturdays, Sundays, and legal public holidays) have elapsed since OIG received the Request.

32.    As of the filing date of this Complaint, 135 days have elapsed since OIG received the Request, yet OIG has failed to produce even a single responsive record, or even notify Plaintiff whether OIG will comply with the Request.

33.    Because OIG has failed to comply with the time limit provision of FOIA, which required a response within twenty (20) business days, 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted its administrative remedies with respect to the Request, under 5 U.S.C. § 552(a)(6)(C)(i).

**C.    Third FOIA Request, 2020-IGFO-00154**

34.    Through a FOIA Request addressed to OIG on June 29, 2020, Ms. Zou, on behalf of The Times, requested electronic copies, to be delivered by email, of the following records:

a.    All DHS OIG (Office of Inspector General) Reports of

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Investigations (ROIs) relating to allegations at dedicated ERO (Enforcement and Removal Operations) facilities from January 1, 2013, to the date the Request is processed.

35.     Ms. Zou also requested a waiver for all applicable fees.  Attached as **Exhibit F** is a true and correct copy of the Third FOIA Request.

36.     ROIs are final agency reports that, according to OIG Report 19-14, should be created within 30 business days following the completion of an investigation into misconduct and criminal behavior by DHS employees.  <u>See</u> OIG Report 19-14 at 11.  Plaintiff is informed and believes that ROIs number in the dozens per year.  The FOIA Request seeks the ROIs that are connected with a subset of ICE facilities called dedicated Enforcement and Removal Operations facilities, from January 1, 2013 to the date the Request is processed.  The Times is informed and believes that about 45 such dedicated EROs operate in various parts of the country.

37.     By letter dated July 2, 2020, OIG acknowledged receipt of the Third FOIA Request and assigned it FOIA No. 2020-IGFO-00154.  In its response, OIG did not make a determination as to the requested fee waiver.  OIG also did not provide an estimated date of completion in its response, although the DHS website lists the "estimated delivery date" as August 17, 2020.  Attached as **Exhibit G** is a true and correct copy of this acknowledgment of receipt.

38.     As of December 1, 2020, more than 20 days (excepting Saturdays, Sundays, and legal public holidays) have elapsed since OIG received the Request.

39.     As of the filing date of this Complaint, 155 days have elapsed since OIG received the Request, yet OIG has failed to produce even a single responsive record, or even notify Plaintiff of a determination whether OIG will comply with the Request.

40.     Because OIG has failed to comply with the time limit provision of FOIA, which required a response within twenty (20) business days, 5 U.S.C. §

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

552(a)(6)(A)(i), Plaintiff is deemed to have exhausted its administrative remedies with respect to the Request under 5 U.S.C. § 552(a)(6)(C)(i).

**D.     Fourth FOIA Request, 2020-ICFO-59244**

41.     Through a FOIA Request addressed to ICE on June 29, 2020, Ms. Zou, on behalf of The Times, requested electronic copies, to be delivered by email, of the following records:

    a.     Any investigative guidebook(s) and/or handbook(s) for ICE's Office of Professional Responsibility (OPR), including but not limited to ICE "OPR Investigative Guidebook," as referenced extensively in [the 2019 OIG Report 19-14 (dated Dec. 6, 2018)].

42.     Ms. Zou also requested a waiver for all applicable fees.  Attached as **Exhibit H** is a true and correct copy of the Fourth FOIA Request.

43.     The FOIA Request contains a hyperlink to the following webpage, which displays OIG Report 19-14, discussed supra:

https://www.oig.dhs.gov/sites/default/files/assets/2018-12/OIG-19-14-Dec18.pdf.

OIG Report 19-14 repeatedly referenced an "OPR Investigative Guidebook" and discussed whether OPR complied with requirements contained therein.  See, e.g., OIG Report 19-14 at 8.

44.     By email dated June 30, 2020, ICE acknowledged receipt of the Fourth FOIA Request and assigned it FOIA No. 2020-ICFO-59244.  In its response, ICE granted the requested fee waiver, stating that The Times would be charged in accordance with the DHS Interim FOIA regulations, as they apply to media requesters.  ICE did not provide an estimated date of completion in its response, although the DHS website lists the "estimated delivery date" as August 3, 2020.  Attached as **Exhibit I** is a true and correct copy of this acknowledgment of receipt.

45.     On August 10 and August 19, 2020, Ms. Zou followed up by email and telephone call to check the status of the FOIA Request.  A true and correct copy of

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ms. Zou's email correspondence is attached as **Exhibit J**.

46.     As of December 1, 2020, more than 20 days (excepting Saturdays, Sundays, and legal public holidays) have elapsed since ICE received the Request.

47.     As of the filing date of this Complaint, 155 days have elapsed since ICE received the Request, yet ICE has failed to produce even a single responsive record, or even notify Plaintiff of a determination whether ICE will comply with the Request.

48.     Because ICE has failed to comply with the time limit provision of FOIA, which required a response within twenty (20) business days, 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted its administrative remedies with respect to the Request under 5 U.S.C. § 552(a)(6)(C)(i).

**E.     Fifth FOIA Request, 2020-ICFO-62076**

49.     Through a FOIA Request addressed to ICE on June 29, 2020, Ms. Zou, on behalf of The Times, requested electronic copies, to be delivered by email, of records that contain the following information:

   a.     Total number of complaints entered into the Joint Integrity Case Management System (JICMS) by reporting year.

   b.     Total number of misconduct cases reported to local management and entered into the Human Resources Business Engine (HRBE) by reporting year.

   c.     Total number of complaints in JICMS that resulted in investigations by reporting year.

50.     Ms. Zou also requested a waiver of all applicable fees.  Attached as **Exhibit K** is a true and correct copy of the Fifth FOIA Request.

51.     The records sought by this FOIA Request concern two databases that contain information about employee misconduct at ICE facilities.  Plaintiff is informed and believes that OIG has records that reflect its evaluation of aggregate numbers from these databases in preparing prior OIG reports.

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

52.    The first database is the Joint Integrity Case Management System (JICMS).  According to OIG Report 19-14, ICE's OPR Investigations Division relies on the Joint Intake Center (JIC), a complaint intake center that monitors email and a hotline phone number, "to refer and document ICE and CBP employee allegations of wrongdoing."  OIG Report 19-14, supra, at 2.  JIC staff enter complaints in the JICMS and assess requirements for referral.  Id.  Plaintiff is informed and believes that the bulk of complaints from detention centers are entered into the JICMS.

53.    The second database, the Human Resources Business Engine (HRBE), is discussed in a report by the U.S. Government Accountability Office.  See "Department of Homeland Security: Components Could Improve Monitoring of the Employee Misconduct Process," U.S. Government Accountability Office (Sept. 4, 2018) ("GAO Report 18-405"), https://www.gao.gov/assets/700/693587.pdf.  That report states that HRBE manages "data on case adjudication and disciplinary outcomes," including "data on misconduct cases reported to local management only, rather than reported through" JICMS.  GAO Report 18-405 at 4 n.6.  Plaintiff is informed and believes that the HRBE database captures complaints from detention centers that are not entered into the JICMS database.

54.    By email dated July 8, 2020, ICE erroneously stated that the FOIA Request sought "entry/exit records, I-94 travel documents, or information about apprehensions at the border or a port of entry (POE)," and thus should be redirected to the U.S. Customs and Border Protection.  Ms. Zou replied the same day, pointing out the mistake.  Ms. Zou also attempted to place two telephone calls to ICE, but the numbers provided were unmonitored or disconnected.  A true and correct copy of the relevant email correspondence is attached as **Exhibit L**.

55.    By email dated July 9, 2020, ICE acknowledged receipt of the Fifth FOIA Request and assigned it FOIA No. 2020-ICFO-62076.  In its response, ICE granted the requested fee waiver, stating that The Times would be charged in

accordance with the DHS Interim FOIA regulations, as they apply to media requesters.  ICE did not provide an estimated date of completion in its response, although the DHS website lists the "estimated delivery date" as August 11, 2020. Attached as **Exhibit M** is a true and correct copy of this acknowledgment of receipt.

56.    On August 10 and August 19, 2020, Ms. Zou followed up by email and telephone call to check the status of the FOIA Request.  A true and correct copy of Ms. Zou's email correspondence is attached as **Exhibit J**.

57.    As of December 1, 2020, more than 20 days (excepting Saturdays, Sundays, and legal public holidays) have elapsed since ICE received the Request.

58.    As of the filing date of this Complaint, 155 days have elapsed since ICE received the Request, yet ICE has failed to produce even a single responsive record, or even notify Plaintiff of a determination whether ICE will comply with the Request.

59.    Because ICE has failed to comply with the time limit provision of FOIA, which required a response within twenty (20) business days, 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted its administrative remedies with respect to the Request under 5 U.S.C. § 552(a)(6)(C)(i).

## FIRST CAUSE OF ACTION

### (Violation of FOIA for Failure to Provide a
### Determination Within 20 Business Days)

60.    Plaintiff realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

61.    Defendants have a legal duty under FOIA to determine whether to comply with a request within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receiving the request, and also have a duty to immediately notify the requester of the agency's determination and the reasons for it.

62.    Defendants' failure to determine whether to comply with the FOIA

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Requests within 20 business days after receiving them violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and applicable regulations promulgated thereunder.

63.    Defendants' failure to provide accurate estimated dates on which the agency will complete action on the FOIA Requests also violates 5 U.S.C. § 552(a)(7)(B).

64.    Declaratory relief is authorized under 22 U.S.C. § 2201 because an actual controversy exists regarding Defendants' failure to respond in violation of FOIA.  An actual controversy exists because The Times contends that Defendants' continuing failure to respond violates the law.

## SECOND CAUSE OF ACTION

### (Violation of FOIA for Failure to Make Records Available)

65.    Plaintiff realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

66.    Plaintiff has a legal right under FOIA to obtain the specific agency records requested on June 29 and July 20, 2020, and there exists no legal basis for Defendants' failure to make the requested records promptly available to Plaintiff.

67.    Defendants' failure to make the records sought by the FOIA Requests promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), and applicable regulations promulgated under the law.

68.    On information and belief, Defendants currently have possession, custody or control of the requested records.

69.    Declaratory relief is authorized under 22 U.S.C. § 2201 because an actual controversy exists regarding Defendants' improper withholding of the records in violation of FOIA.  An actual controversy exists because The Times contends that Defendants' continuing failure to release the records violates the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court award it the following relief:

A.    Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

B.     Declare that Defendants violated FOIA by failing to determine whether to comply with the Requests within 20 business days and by failing to immediately thereafter notify Plaintiff of such determination and the reasons for it;

C.     Declare that the records are public under 5 U.S.C. § 552 and that Defendants violated FOIA by failing to disclose the requested records or, in the alternative, conduct an *in camera* review to determine whether any part of the requested records are public under FOIA, and thereafter order such records to be disclosed;

D.     Order Defendants to immediately disclose the requested records to Plaintiff and enter an injunction prohibiting Defendants from continuing to withhold the requested records;

E.     Order Defendants to prepare a "Vaughn Index" describing in detail any withheld documents pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973);

F.     Award Plaintiff its reasonable attorney's fees and costs, as provided in 5 U.S.C. § 552(a)(4)(E); and

G.     Grant such further relief as the Court may deem just and proper.

DATED: December 1, 2020

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
DAN LAIDMAN
SELINA MACLAREN

LOS ANGELES TIMES
COMMUNICATIONS LLC
JEFF GLASSER

By: */s/ Dan Laidman*
DAN LAIDMAN

Attorneys for Plaintiff
LOS ANGELES TIMES
COMMUNICATIONS LLC

17

FOIA COMPLAINT
4818-2290-9648v.15 0201257-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899