TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
MATTHEW J. BARRAGAN (Cal. Bar No. 283883)
MATTHEW J. SMOCK (Cal. Bar No. 293542)
Assistant United States Attorneys
      Federal Building, Suite 7516
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-2444
      Facsimile: (213) 894-7819
      E-mail: Matthew.Barragan@usdoj.gov
            Matthew.Smock@usdoj.gov

Attorneys for Defendants
U.S. Department of Homeland Security, DHS
Office of Inspector General, and U.S.
Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES TIMES COMMUNICATIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | No. CV 20-10911-FLA (MRWx) <br><br> **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** <br><br><br><br> Hon. Fernando L. Aenlle-Rocha <br> United States District Judge |

Defendants U.S. Department of Homeland Security ("DHS"), U.S. Department of Homeland Security, Office of Inspector General ("DHS OIG"), and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants"), by and through the undersigned counsel, hereby answer the allegations in the Complaint filed by Plaintiff Los Angeles Times Communications LLC ("Plaintiff") as follows:

**INTRODUCTION[1]**

1.     The allegations contained in Paragraph 1 of the Complaint constitute Plaintiff's characterization of the nature of the action and the relief sought, to which no response is required.  To the extent a response is deemed required, Defendants admit that this action purports to be brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendants, that Plaintiff submitted five FOIA requests to Defendants, and that Defendants have not provided documents in response to Plaintiff's FOIA requests to date.  Defendants deny the remaining allegations in Paragraph 1.

2.     The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants aver that FOIA and FOIA case law speaks for itself.

3.     The allegations contained in the first sentence of Paragraph 3 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendants deny. Defendants deny that Defendants maintain or operate "a system that leaves victims with no legal recourse."  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in the second sentence of Paragraph 3, and on that basis, Defendants deny.  The third sentence of Paragraph 3 consists of Plaintiff's characterization of the nature of the action and the relief sought, to which no response is required.  To the extent a response is deemed required, Defendants aver that the FOIA requests, attached as exhibits to the Complaint, speak for themselves. Defendants deny that they have violated FOIA in any way.  The remaining allegations of the fourth sentence of Paragraph 3 consist of Plaintiff's characterization of its reasons for bringing this FOIA action, to which no response is required.  To the extent a response is deemed required, Defendants deny.

---

[1] For ease of reference, Defendants' Answer generally replicates the headings contained in the Complaint. Use of these topic headings below does not constitute an admission or acknowledgement by Defendants of their relevance or accuracy.

4.     The allegations contained in Paragraph 4 of the Complaint constitutes Plaintiff's characterization of the relief sought and/or a request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny. Plaintiff is not entitled to any relief.

## PARTIES

5.     The allegations contained in Paragraph 5 of the Complaint consist of Plaintiff's characterization of itself, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint, and on that basis, Defendants deny.

6.     Defendants admit that DHS is a federal agency within the meaning of 5 U.S.C. § 552(f)(1). Defendants deny all remaining allegations contained in Paragraph 6 of the Complaint.

7.     Defendants admit that DHS OIG is a component of DHS. Defendants deny all remaining allegations contained in Paragraph 7 of the Complaint.

8.     Defendants admit that ICE is a component of DHS. Defendants deny all remaining allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION

9.     The allegations contained in Paragraph 9 constitute a statement of jurisdiction and a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny.

10.     Defendants admit they have not provided documents in response to Plaintiff's FOIA requests to date. The remaining allegations contained in Paragraph 10 of the Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny.

## VENUE

11.     The allegations contained in Paragraph 11 constitute a statement of venue and a legal conclusion, to which no response is required. To the extent a response is

required, Defendants deny.

**FACTS**

**I.    Background on Immigration Detention Facilities**

12.    The allegations contained in Paragraph 12 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendants admit only that OIG issued the report referenced in Paragraph 12 titled, "ICE Does not Fully Use Contracting Tools to Hold Detention Facility Contractors Accountable for Failing to Meet Performance Standards" and numbered OIG-19-18, and that DHS issued the Budget-in-Brief for Fiscal Year 2020 referenced in Paragraph 12, aver that these two documents speak for themselves, and deny the remaining allegations in Paragraph 12.

13.    The allegations contained in Paragraph 13 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendants deny.

14.    The allegations contained in Paragraph 14 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendants admit that OIG issued the report referenced in Paragraph 14 titled, "Management Alert – DHS Needs to Address Dangerous Overcrowding and Prolonged Detention of Children and Adults in the Rio Grande Valley" and numbered OIG 19-51, aver that this document speaks for itself, and deny the remaining allegations in Paragraph 14.

15.    The allegations contained in Paragraph 15 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendants deny.

16.    The allegations contained in Paragraph 16 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendants admit that OIG issued the report referenced in Paragraph 16, numbered OIG 19-18, aver that this document speaks for

3

itself, and deny the remaining allegations in Paragraph 16.

17.    The allegations contained in Paragraph 17 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendants deny.

## II.    The FOIA Requests

### A.    First FOIA Request, 2020-IGFO-00153

18.    Defendants admit that Jie Jenny Zou submitted a FOIA request to DHS OIG on June 29, 2020, and respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit A, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit A is inconsistent with Exhibit A, Defendants deny the allegations.  Any allegations in Paragraph 18 of the Complaint not specifically admitted are denied.

19.    Defendants admit that Ms. Zou submitted a FOIA request to DHS OIG on June 29, 2020, and that the FOIA request included a request for a waiver of fees. Defendants respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit A, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit A is inconsistent with Exhibit A, Defendants deny the allegations.  Any allegations in Paragraph 19 of the Complaint not specifically admitted are denied.

20.    Defendants admit that Ms. Zou submitted a FOIA request to DHS OIG on June 29, 2020, and that the FOIA request included a hyperlink to https://www.oig.dhs.gov/sites/default/files/assets/2018-12/OIG-19-14-Dec18.pdf, but aver that said hyperlink was only visible after placing one's mouse over the hyperlinked text.  Defendants aver that "OIG Report 19-14," incorporated by reference in Paragraph 20, speaks for itself.  Defendants respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit A, and "OIG Report 19-14," available at the URL above and noted in Paragraph 20 of the Complaint, for a complete and accurate description of their contents.  To the extent Plaintiff's characterization of the content of

4

Exhibit A or "OIG Report 19-14" is inconsistent with Exhibit A or "OIG Report 19-14," Defendants deny the allegations.  Defendants specifically aver that Plaintiff's characterization of "OIG Report 19-14" is inconsistent with the document, and specifically deny that "OIG Report 19-14 "outlines how complaints are collected, categorized, and subsequently investigated or dismissed" by OIG.  Any allegations in Paragraph 20 of the Complaint not specifically admitted are denied.

21.     Defendants admit that Ms. Zou sent emails to DHS OIG on August 10 and August 19, 2020, and respectfully refer the Court to these emails, attached to the Complaint as Exhibit B, for a complete and accurate description of their contents.  To the extent Plaintiff's characterization of the content of Exhibit B is inconsistent with Exhibit B, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 21 of the Complaint, including a purported email on July 21, 2020, and purported telephone calls on July 8, July 21, August 10, and August 19, 2020, and on that basis, Defendants deny.

22.     Defendants admit that, in a letter dated August 11, 2020, DHS OIG acknowledged receipt of the FOIA request Ms. Zou submitted to DHS OIG on June 29, 2020, and assigned the request FOIA No. 2020-IGFO-00153.  Defendants admit that the letter did not make a determination as to the requested fee waiver, and did not provide an estimated date of completion.  Defendants respectfully refer the Court to this letter, attached to the Complaint as Exhibit C, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit C is inconsistent with Exhibit C, Defendants deny the allegations.  Defendants admit that the DHS website currently reflects an "Estimated Completion Date" of August 17, 2020, for FOIA No. 2020-IGFO-00153.  Any allegations in Paragraph 22 of the Complaint not specifically admitted are denied.

23.     Admit.

24.     Defendants admit that, as of the filing date of the Complaint, 155 days had elapsed since OIG received the request, and OIG had not produced any responsive records, or informed Plaintiff whether it would be producing responsive records. Defendants deny that OIG has "failed to . . . even notify Plaintiff whether OIG will comply with the Request."

25.     The allegations contained in Paragraph 25 of the Complaint consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

**B.     Second FOIA Request, 2020-IGFO-00175**

26.     Defendants admit that Ms. Zou submitted a FOIA request to DHS OIG on July 20, 2020, and respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit D, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit D is inconsistent with Exhibit D, Defendants deny the allegations.  Any allegations in Paragraph 26 of the Complaint not specifically admitted are denied.

27.     Defendants admit that Ms. Zou submitted a FOIA request to DHS OIG on July 20, 2020, and that the FOIA request included a request for a waiver of fees. Defendants respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit D, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit D is inconsistent with Exhibit D, Defendants deny the allegations.  Any allegations in Paragraph 27 of the Complaint not specifically admitted are denied.

28.     Defendants deny the allegations contained in the first sentence of Paragraph 28 of the Complaint.  Defendants admit the allegations contained in the second sentence of Paragraph 28 of the Complaint.  The third sentence of Paragraph 28 of the Complaint is a characterization of Plaintiff's FOIA request contained in Exhibit D.  Defendants respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit D, for a complete and accurate description of its contents.  To the extent Plaintiff's

6

characterization of the content of Exhibit D is inconsistent with Exhibit D, Defendants deny the allegations. Any allegations in Paragraph 28 of the Complaint not specifically admitted are denied.

29.   Defendants admit that Ms. Zou sent emails to DHS OIG on August 10 and August 19, 2020, and respectfully refer the Court to these emails, attached to the Complaint as Exhibit B, for a complete and accurate description of their contents. To the extent Plaintiff's characterization of the content of Exhibit B is inconsistent with Exhibit B, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 29 of the Complaint, including a purported telephone call on August 19, 2020, and on that basis, Defendants deny.

30.   Defendants admit that, in a letter dated August 19, 2020, DHS OIG acknowledged receipt of the FOIA request Ms. Zou submitted to DHS OIG on July 20, 2020, and assigned the request FOIA No. 2020-IGFO-00175. Defendants admit that the letter did not make a determination as to the requested fee waiver, and did not provide an estimated date of completion. Defendants respectfully refer the Court to this letter, attached to the Complaint as Exhibit E, for a complete and accurate description of its contents. To the extent Plaintiff's characterization of the content of Exhibit E is inconsistent with Exhibit E, Defendants deny the allegations. Defendants admit that the DHS website currently reflects an "Estimated Completion Date" of August 23, 2020, for FOIA No. 2020-IGFO-00175. Any allegations in Paragraph 30 of the Complaint not specifically admitted are denied.

31.   Admit.

32.   Defendants deny that 135 days elapsed between the DHS OIG's receipt of the July 20, 2020 FOIA request and the December 1, 2020 filing of the Complaint. Defendants admit that, as of the filing date of the Complaint, OIG had not produced any responsive records, or informed Plaintiff whether it would be producing responsive records. Defendants deny that OIG has "failed to . . . even notify Plaintiff whether OIG

1  will comply with the Request."

2      33.    The allegations contained in Paragraph 33 of the Complaint consist of legal

3  conclusions, to which no response is required.  To the extent a response is deemed

4  required, Defendants deny.

5          C.    **Third FOIA Request, 2020-IGFO-00154**

6      34.    Defendants admit that Ms. Zou submitted a FOIA request to DHS OIG on

7  June 29, 2020, and respectfully refer the Court to the FOIA request, attached to the

8  Complaint as Exhibit F, for a complete and accurate description of its contents.  To the

9  extent Plaintiff's characterization of the content of Exhibit F is inconsistent with Exhibit

10  F, Defendants deny the allegations.  Any allegations in Paragraph 34 of the Complaint

11  not specifically admitted are denied.

12      35.    Defendants admit that Ms. Zou submitted a FOIA request to DHS OIG on

13  June 29, 2020, and that the FOIA request included a request for a waiver of fees.

14  Defendants respectfully refer the Court to the FOIA request, attached to the Complaint

15  as Exhibit F, for a complete and accurate description of its contents.  To the extent

16  Plaintiff's characterization of the content of Exhibit F is inconsistent with Exhibit F,

17  Defendants deny the allegations.  Any allegations in Paragraph 35 of the Complaint not

18  specifically admitted are denied.

19      36.    Defendants deny the allegations contained in the first sentence of Paragraph

20  36 of the Complaint.  Defendants admit the allegations contained in the second sentence

21  of Paragraph 36 of the Complaint.  The third sentence of Paragraph 36 of the Complaint

22  is a characterization of Plaintiff's FOIA request contained in Exhibit F.  Defendants

23  respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit F,

24  for a complete and accurate description of its contents.  To the extent Plaintiff's

25  characterization of the content of Exhibit F is inconsistent with Exhibit F, Defendants

26  deny the allegations.  Any allegations in Paragraph 36 of the Complaint not specifically

27  admitted are denied.

28

37.     Defendants admit that, in a letter dated July 2, 2020, DHS OIG acknowledged receipt of the FOIA request Ms. Zou submitted to DHS OIG on June 29, 2020, and assigned the request FOIA No. 2020-IGFO-00154.  Defendants admit that the letter did not make a determination as to the requested fee waiver, and did not provide an estimated date of completion.  Defendants respectfully refer the Court to this letter, attached to the Complaint as Exhibit G, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit G is inconsistent with Exhibit G, Defendants deny the allegations.  Defendants admit that the DHS website currently reflects an "Estimated Completion Date" of August 17, 2020, for FOIA No. 2020-IGFO-00154.  Any allegations in Paragraph 37 of the Complaint not specifically admitted are denied.

38.     Admit.

39.     Defendants admit that, as of the filing date of the Complaint, 155 days had elapsed since OIG received the request, and OIG had not produced any responsive records, or informed Plaintiff whether it would be producing responsive records.  Defendants deny that OIG has "failed to . . . even notify Plaintiff whether OIG will comply with the Request."

40.     The allegations contained in Paragraph 40 of the Complaint consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

**D.     Fourth FOIA Request, 2020-ICFO-59244**

41.     Defendants admit that Ms. Zou submitted a FOIA request to ICE on June 29, 2020, and respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit H, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit H is inconsistent with Exhibit H, Defendants deny the allegations.  Any allegations in Paragraph 41 of the Complaint not specifically admitted are denied.

42.     Defendants admit that Ms. Zou submitted a FOIA request to ICE on June 29, 2020, and that the FOIA request included a request for a waiver of fees.  Defendants respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit H, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit H is inconsistent with Exhibit H, Defendants deny the allegations.  Any allegations in Paragraph 42 of the Complaint not specifically admitted are denied.

43.     Defendants admit that Ms. Zou submitted a FOIA request to ICE on June 29, 2020, and that the FOIA request included a hyperlink to https://www.oig.dhs.gov/sites/default/files/assets/2018-12/OIG-19-14-Dec.18.pdf. Defendants aver that "OIG Report 19-14," incorporated by reference in Paragraph 43, speaks for itself.  Defendants respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit H, and "OIG Report 19-14," available at the URL above and noted in Paragraph 43 of the Complaint, for a complete and accurate description of their contents.  To the extent Plaintiff's characterization of the content of Exhibit H or "OIG Report 19-14" is inconsistent with Exhibit H or "OIG Report 19-14," Defendants deny the allegations.  Any allegations in Paragraph 43 of the Complaint not specifically admitted are denied.

44.     Defendants admit that, in a letter dated June 30, 2020, ICE acknowledged receipt of the FOIA request Ms. Zou submitted to ICE on June 29, 2020, and assigned the request FOIA No. 2020-ICFO-59244.  Defendants admit that the letter granted the requested fee waiver in part, but deny that the letter granted the requested fee waiver in full.  Defendants admit that the letter did not provide an estimated date of completion in its response.  Defendants respectfully refer the Court to this letter, attached to the Complaint as Exhibit I, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit I is inconsistent with Exhibit I, Defendants deny the allegations.  Defendants admit that the DHS website currently reflects an "Estimated Completion Date" of August 3, 2020, for FOIA No. 2020-ICFO-

10

59244.  Any allegations in Paragraph 44 of the Complaint not specifically admitted are denied.

45.     Defendants admit that Ms. Zou sent emails to ICE on August 10 and August 19, 2020, and respectfully refer the Court to these emails, attached to the Complaint as Exhibit J, for a complete and accurate description of their contents.  To the extent Plaintiff's characterization of the content of Exhibit J is inconsistent with Exhibit J, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 45 of the Complaint, including purported telephone calls on August 10 and August 19, 2020, and on that basis, Defendants deny.

46.     Admit.

47.     Admit that, as of the filing of the Complaint, 155 days have elapsed since ICE received the FOIA request and ICE has not produced any records in response to Plaintiff's request.  Defendants deny all remaining allegations contained in Paragraph 47 of the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

**E.     Fifth FOIA Request, 2020-ICFO-62076**

49.     Defendants admit that Ms. Zou submitted a FOIA request to ICE on June 29, 2020, and respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit K, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit K is inconsistent with Exhibit K, Defendants deny the allegations.  Any allegations in Paragraph 49 of the Complaint not specifically admitted are denied.

50.     Defendants admit that Ms. Zou submitted a FOIA request to ICE on June 29, 2020, and that the FOIA request included a request for a waiver of fees.  Defendants respectfully refer the Court to the FOIA request, attached to the Complaint as Exhibit K,

1  for a complete and accurate description of its contents.  To the extent Plaintiff's
2  characterization of the content of Exhibit K is inconsistent with Exhibit K, Defendants
3  deny the allegations.  Any allegations in Paragraph 50 of the Complaint not specifically
4  admitted are denied.

5       51.    The first sentence of Paragraph 51of the Complaint is a characterization of
6  Plaintiff's FOIA request contained in Exhibit K.  Defendants respectfully refer the Court
7  to the FOIA request, attached to the Complaint as Exhibit K, for a complete and accurate
8  description of its contents.  To the extent Plaintiff's characterization of the content of
9  Exhibit K is inconsistent with Exhibit K, Defendants deny the allegations.  Defendants
10  admit that JICMS contains data about employee misconduct.  Defendants deny that
11  HRBE, a tool for Human Resources, routinely captures data about employee misconduct,
12  but admit that such information may get recorded in HRBE from time to time.
13  Defendants deny the remaining allegations contained in the second sentence of
14  Paragraph 51 of the Complaint.  Any allegations in Paragraph 51 of the Complaint not
15  specifically admitted are denied.

16       52.    Defendants admit that ICE maintains a Joint Integrity Case Management
17  System ("JICMS").  Defendants aver that "OIG Report 19-14," incorporated by
18  reference in Paragraph 52 of the Complaint, speaks for itself.  Defendants respectfully
19  refer the Court to "OIG Report 19-14," available at the URL noted above in Paragraph
20  20 and noted in Paragraph 20 of the Complaint, for a complete and accurate description
21  of its contents.  To the extent Plaintiff's characterization of the content of "OIG Report
22  19-14" is inconsistent with "OIG Report 19-14," Defendants deny the allegations.
23  Defendants admit the allegations contained in the third sentence of Paragraph 52 of the
24  Complaint.  Defendants deny the allegations contained in the fourth sentence of
25  Paragraph 52 of the Complaint.  Any allegations in Paragraph 52 of the Complaint not
26  specifically admitted are denied.

27       53.    Defendants admit that ICE maintains a Human Resources Business engine
28  ("HRBE"), and aver that the U.S. Government Accountability Office report incorporated

12

by reference in Paragraph 53 of the Complaint speaks for itself.  Defendants respectfully refer the Court to said report, available at the URL noted in Paragraph 53 of the Complaint, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the report is inconsistent with the report itself, Defendants deny the allegations.  Defendants deny the allegations contained in the third sentence of Paragraph 53 of the Complaint.

54.     Defendants admit that on July 8, 2020, ICE sent an email in error to Ms. Zou, stating that the FOIA request sought "entry/exit records, I-94 documents, or information about apprehensions at the border or a port of entry (POE)" and should be redirected to Customs and Border Protection.  Defendants respectfully refer the Court to the email, attached to the Complaint as Exhibit L, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit L is inconsistent with Exhibit L, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the third sentence of Paragraph 54, and on that basis, Defendants deny.  Any allegations in Paragraph 54 of the Complaint not specifically admitted are denied.

55.     Defendants admit that, in a letter dated July 9, 2020, ICE acknowledged receipt of the FOIA request Ms. Zou submitted to ICE on June 29, 2020, and assigned the request FOIA No. 2020-ICFO-62076.  Defendants admit that the letter granted the requested fee waiver in part, but deny that the letter granted the requested fee waiver in full.  Defendants admit that the letter did not provide an estimated date of completion in its response.  Defendants respectfully refer the Court to this letter, attached to the Complaint as Exhibit M, for a complete and accurate description of its contents.  To the extent Plaintiff's characterization of the content of Exhibit M is inconsistent with Exhibit M, Defendants deny the allegations.  Defendants admit that the DHS website currently reflects an "Estimated Completion Date" of August 11, 2020, for FOIA No. 2020-ICFO-62076.  Any allegations in Paragraph 55 of the Complaint not specifically admitted are

13

denied.

56.     Defendants admit that Ms. Zou sent emails to ICE on August 10 and August 19, 2020, and respectfully refer the Court to these emails, attached to the Complaint as Exhibit J, for a complete and accurate description of their contents.  To the extent Plaintiff's characterization of the content of Exhibit J is inconsistent with Exhibit J, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 56 of the Complaint, including purported telephone calls on August 10 and August 19, 2020, and on that basis, Defendants deny.

57.     Admit.

58.     Admit that, as of the filing of the Complaint, 155 days have elapsed since ICE received the FOIA request and ICE has not produced any records in response to Plaintiff's request. Defendants deny all remaining allegations contained in Paragraph 58 of the Complaint.

59.     The allegations contained in Paragraph 59 of the Complaint consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny.

**FIRST CAUSE OF ACTION**
**(Violation of FOIA for Failure to Provide a**
**Determination Within 30 Business Days)**

60.     Defendants incorporate by reference their responses to the paragraphs above as if fully stated here.

61.     The allegations contained in Paragraph 61 of the Complaint constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants aver that FOIA speaks for itself.

62.     The allegations contained in Paragraph 62 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 62.

14

63.     The allegations contained in Paragraph 63 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 63.

64.     The allegations contained in Paragraph 64 constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 64.

**SECOND CAUSE OF ACTION**
**(Violation of FOIA for Failure to Make Records Available)**

65.     Defendants incorporate by reference their responses to the paragraphs above as if fully stated here.

66.     The allegations contained in Paragraph 66 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 66.

67.     The allegations contained in Paragraph 67 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 67.

68.     Defendants lack knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 68 of the Complaint, and on that basis, Defendants deny.

69.     The allegations contained in Paragraph 69 of the Complaint constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 69.

**PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required.  To the extent a response is deemed required, the allegations of the prayer for relief are denied.  Plaintiff is not entitled to any relief.

*       *

Any allegation contained in Plaintiff's Complaint that has not been admitted or denied is hereby denied.

*      *      *

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint purports to impose obligations upon Defendants that exceed those imposed by FOIA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production of records that are exempt from disclosure under FOIA or under other provisions of law, or to compel the production of records that are not subject to FOIA.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are not improperly withholding any responsive documents.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust its administrative remedies under FOIA.

### SIXTH AFFIRMATIVE DEFENSE

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to lawful authority.

*      *      *

1    WHEREFORE, Defendants pray for judgment dismissing Plaintiff's Complaint,

2   and awarding Defendants their costs and disbursements in this action, and for such other

3   and further relief as the Court may deem just and proper.

4
     Dated:  February 3, 2021          TRACY L. WILKISON
5                                      Acting United States Attorney
                                       DAVID M. HARRIS
6                                      Assistant United States Attorney
                                       Chief, Civil Division
7                                      JOANNE S. OSINOFF
                                       Assistant United States Attorney
8                                      Chief, General Civil Section

9

10                                      /s/ Matthew J. Barragan
                                       MATTHEW J. BARRAGAN
11                                     MATTHEW J. SMOCK
                                       Assistant United States Attorneys
12
                                       Attorneys for Defendants
13                                     U.S. Department of Homeland Security, DHS
                                       Office of Inspector General, and U.S.
14                                     Immigration and Customs Enforcement

15

16

17

18

19

20

21

22

23

24

25

26

27

28