TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
MATTHEW J. BARRAGAN (Cal. Bar No. 283883)
MATTHEW J. SMOCK (Cal. Bar No. 293542)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2444
    Facsimile: (213) 894-7819
    E-mail: Matthew.Barragan@usdoj.gov
           Matthew.Smock@usdoj.gov

Attorneys for Defendants
U.S. Department of Homeland Security, DHS
Office of Inspector General, and U.S.
Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES TIMES COMMUNICATIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>    Defendants. | No. CV 20-10911-FLA (MRWx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO AMEND SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DECLARATION OF LYNNEA SCHURKAMP; [PROPOSED] ORDER<br><br>Hearing Date: March 4, 2022<br>Hearing Time: 1:30 P.M.<br>Ctrm: 6B<br><br>Hon. Fernando L. Aenlle-Rocha<br>United States District Judge |

## NOTICE OF MOTION AND MOTION TO AMEND SCHEDULING ORDER

PLEASE TAKE NOTICE that, on March 4, 2022 at 1:30 p.m., or as soon thereafter as they may be heard, Defendants will, and hereby do, move this Court for an order amending the Scheduling Order (Dkt. 35) to require Defendants to process 1,500 pages per month and complete all review by December 2, 2022. This motion will be made in the First Street Federal Courthouse before the Honorable Fernando L. Anelle-Rocha, United States District Judge, located at 350 W. 1st Street, Los Angeles, CA 90012.

Under the terms of the Court's Scheduling Order, Defendants must process at least 3,000 pages per month and complete all review no later than June 3, 2022. Defendants were able to meet their processing obligations for the month of December 2021, but will have difficulty doing so moving forward. In light of Defendants ongoing FOIA obligations and limited processing capacity and resources, Defendants respectfully request that the Court modify the current processing schedule.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Lynnea Schurkamp, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was held on January 6, 2022.

Dated: January 14, 2022

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

_/s/ Matthew J. Smock_
MATTHEW J. BARRAGAN
MATTHEW J. SMOCK
Assistant United States Attorneys

Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Given the continuing staffing shortage in the ICE FOIA Office's Litigation Processing Unit, and the increasing number of active litigations the Litigation Processing Unit is responsible for handling, ICE will have difficulty complying with the Court's December 3, 2021 Scheduling Order (Dkt. 35) to "process at least 3,000 pages per month," without significantly limiting its ability to timely respond to the FOIA requests it is obligated to respond to (including those cases in litigation and not in litigation), undermining its goal to respond to FOIA requests on a "first-in, first-out" basis, and jeopardizing its capacity to timely process requests subject to court orders in other FOIA litigations requiring production at a certain pace or within a certain time frame. The rate of 3,000 pages per month is *six times* the normal processing rate of 500 pages per month for both the ICE FOIA Office's non-litigation component and Litigation Processing Unit. It is also approximately *17 to 20 times* the current processing rate of 150 to 180 pages per month the ICE FOIA Office's Litigation Processing Unit is currently processing.

While it would still reduce the pace of review in other FOIA litigations, ICE's Litigation Processing Unit respectfully requests that the Court amend its Order and require Defendants to process at least **1,500 pages per month**, and complete all review no later than **December 2, 2022**, slightly less than one year from now. Production at that pace would also enable Plaintiff to receive and review a significant portion of the outstanding redbook exhibits (approximately 25%) within the next three or four months. At that point, Plaintiff can make a determination as to whether Plaintiff actually needs *every exhibit* to *every redbook*, or is instead willing to narrow the request in such a way that production could be completed in less than a year from now.

Defendants therefore respectfully request that the Court modify the Scheduling Order (Dkt. 35) to require the processing of 1,500 pages per month and to complete all review by December 2, 2022.

## II. BACKGROUND

### A. Defendants' Production to Plaintiff in December 2021

On December 1, 2021, the ICE FOIA Office processed 1,713 pages under the Sixth FOIA Request (2021-ICAP-00027/2020-ICFO-59229). On December 3, 2021, the Court issued a Scheduling Order, ordering Defendants to process at least 3,000 pages per month and complete all review no later than June 3, 2022. Dkt. 35.

Since that time, Defendants have made the following progress in compliance with the Court's order: (1) on December 6, 2021, U.S. Customs and Border Protection ("CBP") reviewed 7 pages referred from DHS OIG under the Third FOIA Request (2020-IGFO-00154) and produced any appropriate responsive records not subject to withholdings; (2) on December 22, 2021, ICE processed the 4,407 pages referred from DHS OIG under the First FOIA Request (2020-IGFO-00153); (3) on December 29, 2021, U.S. Department of Justice ("DOJ") processed the one page referred from DHS OIG under the Third FOIA Request (2020-IGFO-00154); and (4) on December 29, 2021, ICE processed 314 pages of redbook exhibits under the Sixth FOIA Request (2021-ICAP-00027/2020-ICFO-59229). Declaration of Lynnea Schurkamp ("Schurkamp Decl.") ¶¶ 23-24; *see also* Dkt. 38-1–2-38-5. While 4,722 pages processed since the December 3 Scheduling Order demonstrates that Defendants complied with the December 3 Scheduling Order by producing over 3,000 pages within the first month, Defendants note that the vast majority of the pages processed (4,407 pages) were subject to initial review prior to the December 3 Scheduling Order as part of an effort spanning several months.

### B. Legal Background

Agencies ordinarily process FOIA requests for agency records on a first-in, firstout basis. *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 8 (D.D.C. 2015) (citing *Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976)). The same is true for DHS. "Components ordinarily will respond to requests according to their order of receipt." 6 C.F.R. § 5.5(a).

### C. ICE's FOIA Workload

Starting in fiscal year 2018, the ICE FOIA Office has experienced an increase in both the number and complexity of FOIA requests, resulting in a near doubling in the ICE FOIA Office's workload since fiscal year 2017. Schurkamp Decl. ¶¶ 5, 8. In response to this increasing workload, the ICE FOIA Office has adopted the court-sanctioned practice of handling backlogged cases (5,916 such requests as of January 10, 2022) on a "first-in, first-out" basis, which ensures fairness to all FOIA requestors by not prioritizing one request over another. Schurkamp Decl. ¶¶ 4, 8. In order to meet its obligations for all cases in litigation by ensuring that all of the FOIA matters progress, and that each requestor receives a response, the ICE FOIA Office typically cannot process more than 500 pages per month per case. Schurkamp Decl. ¶ 18. Any increase in production for one case will inevitably hinder ICE FOIA's ability to process records for production in other matters. *Id.*

A consequence of ICE's FOIA Office's increasing workload and backlog is that more FOIA requests become subject to litigation in U.S. District Court. Schurkamp Decl. ¶ 12. Since the filing of the parties' November 19, 2021 Joint Status Report, the workload of ICE's FOIA Litigation Processing Unit has increased from 159 active FOIA litigations to 160 litigations. *Compare* Dkt. 33 at 13, *with* Schurkamp Decl. ¶ 13. Staffed with just three paralegals, the litigation review of ICE's FOIA Litigation Processing Unit is reviewing approximately 25,000 to 30,000 pages per month, or 8,000 to 10,000 pages per month per paralegal and just 150 to 180 pages per month per litigation. Schurkamp Decl. ¶¶ 11, 13. As a result of mounting backlogs of FOIA requests with the non-litigation component of ICE's FOIA Office, it is expected that the number of active FOIA litigations will continue to increase, as well as the number of pages per month that the Litigation Processing Unit will be required to review each month to approximately 40,000 pages per month. Schurkamp Decl. ¶¶ 12-13.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be

3

modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## IV.   ARGUMENT

Defendants respectfully submit that "good cause" exists for the Court to modify the Scheduling Order to require the processing of 1,500 pages per month and to complete all review by December 2, 2022, for the following reasons:

First, ICE will have difficult complying with the Court's order moving forward due to its increasing backload and obligations in other FOIA cases, including other FOIA litigations. Courts commonly require agencies to produce responsive records at a rate of 500 or fewer pages per month. *See Chaverra v. U.S. Immigration & Customs Enf't*, 2020 WL 7419670, at *1 (D.D.C. Nov. 5, 2020) (ordering 500 pages per month and collecting similar cases); *Am. Immigration Council v. U.S. Dep't of Homeland Sec.*, 470 F. Supp. 3d 32, 39 (D.D.C. 2020) (ordering 400 pages per month pursuant to a preliminary injunction under FOIA in a COVID-related case); *Daily Caller News Found. v. FBI*, 387 F. Supp. 3d 112, 121 (D.D.C. 2019) (ordering 500 pages per month and rejecting plaintiffs' request for 1,200 pages per month); *Middle E. Forum v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 185-86 (D.D.C. 2018) (ordering 500 pages per month and rejecting plaintiffs' request for 1,000 pages per month, and collecting similar cases); *Republican Nat'l Comm. v. U.S. Dep't of State*, 2016 WL 9244625, at *1 (D.D.C. Sept. 16, 2016) (ordering 500 pages per month); *Documented NY v. U.S. Dept. of State*, 2021 WL 4226239, at *5 (S.D.N.Y. Sept. 16, 2021) (ordering 400 pages per month and rejecting the plaintiff's request for remaining 2,600 pages to be processed and produced within approximately two-and-a-half months). Regardless of the specific rate determined, courts take into account the agency's current FOIA workload and limitations and its ability to produce records without jeopardizing its other FOIA obligations. *See Nat'l Sec. Counselors v. U.S. Dep't of Justice*, 848 F.3d 467, 471-72 (D.C. Cir. 2017)

1  ("By processing requests in 500-page increments, the [FBI's] policy ultimately provides
2  more pages to more requesters, avoiding situations in which a few, large queue requests
3  monopolize finite processing resources."); *Clemente*, 71 F. Supp. 3d at 269 ("Clemente's
4  request that the FBI process 5,000 pages a month is higher than the rate would be in an
5  ordinary case . . . ."); *Chaverra*, 2020 WL 7419670, at *1 ("[T]he explosion of FOIA
6  requests and subsequent litigation has created a substantial workload for agencies, which
7  has only been exacerbated by the Covid-19 pandemic," and rejecting request for
8  increased processing pace because "all requesters are eager to jump to the front of the
9  queue" and the plaintiff already "sits in a far better place than many FOIA requesters");
10 *Documented NY*, 2021 WL 4226239, at *3-5 (after considering the effects of the
11 COVID-19 pandemic, the agency's increasing "number of requests, and resulting
12 litigation" and its backlog of FOIA requests, and that "ordering faster production here
13 would necessarily slow production in other cases, ordering 400 pages per month).

14       Here, ICE proposes to process 1,500 pages per month, which is itself a tall task. It
15 is (a) almost ten times higher than ICE's current litigation processing rate of 150 to 180
16 pages per month, Schurkamp Decl., ¶ 13, (b) three times higher than ICE's typical
17 processing rate of 500 pages per month, *id.*, (c) three times higher than a typical
18 processing rate ordered by courts, *see supra*, and (d) almost double the 850 pages per
19 month ICE agreed to review in the last status report, *see* Dkt. 33 at 13. It is also a high
20 pace considering ICE's latest caseload figure of 6,700 open FOIA requests, 5,916 of
21 which were backlogged, and current count of 160 in litigation. Schurkamp Decl., ¶¶ 4,
22 13; *compare Documented NY*, 2021 WL 4226239, at *4 (ordering 400 pages per month
23 when agency had "outstanding obligations in approximately 190 FOIA litigations and a
24 backlog of 15,600 FOIA requests"). This backload and litigation workload is only
25 expected to increase. Schurkamp Decl., ¶¶ 5-8, 12-13. Moreover, ICE's "capacity to
26 process FOIA requests is a finite resource which means that ordering faster production
27 here would necessarily slow production in other cases." *Documented NY*, 2021 WL
28 4226239, at *4. Given the ICE FOIA Litigation Processing Unit's current processing rate

of 150 to 180 pages per month, the difference between 1,500 and 3,000 pages per month is highly significant. A jump from 850 to 1,500 pages itself essentially requires the Litigation Processing Unit to pause review of the equivalent of 3.6 to 4.3 other FOIA cases, and another jump from 1,500 to 3,000 pages essentially requires the Litigation Processing Unit to put a pause on review of the equivalent of eight to ten additional FOIA cases. Fairness aside, ICE is also subject to other court orders to produce at a particular pace and limit its ability to deprioritize other requests. *See, e.g.*, *ACLU v. US DHS*, 2021 WL 5449733, at *2 (S.D.N.Y. Nov. 19, 2021) ("The Court concludes that the 500-page processing rate proposed by the Government is reasonable.").

While Plaintiffs rely on *Open Society Justice Initiative v. CIA*, 399 F. Supp. 3d 161 (S.D.N.Y. 2019), to justify the current review pace, *Open Society* does not support Plaintiff's position. As an initial matter, *Open Society* presents an outlier, where "Judge Engelmayer had ordered State to produce documents at an exceptionally high rate of 5,000 pages per month." *Documented NY*, 2021 WL 4226239, at *4. And second, what Plaintiff does not share is that order, dated August 6, 2019, was stayed on March 30, 2020, upon receipt of a one-page letter from the State Department stating that: "In light of the ongoing COVID-19 public health emergency, State's capacity to review and produce FOIA materials is seriously compromised. Because the individuals responsible for processing plaintiff's FOIA request is housed on a classified server that is inaccessible from outside worksites, State is unable to continue processing documents in response to plaintiff's FOIA request at this time." *Open Society*, No. 19-cv-1329 (S.D.N.Y.), Dkt. 115 (Mar. 30, 2020). That stay remains in place. *Id.*, Dkt. No. 208 (Sept. 14, 2021), Dkt. 212 (Nov. 8, 2021).

Moreover, while Plaintiffs assert a "substantial public interest" in the outstanding records, such interest should not override ICE's interest in attending to its other 6,000+ outstanding FOIA matters in a fair, "first-in, first-out" basis, with presumably many of its other requestors similarly believing there is a "substantial public interest" in their requested records. Schurkamp Decl. ¶ 8 ("fairness to all requestors would be jeopardized

were a requestor permitted to 'jump the line' simply by virtue of filing a case in U.S. District Court"); *see* 6 C.F.R. § 5.5(a) ("Components ordinarily will respond to requests according to their order of receipt."). For example, in *Documented NY*, the court ordered 400 pages per month and rejected the plaintiff's proposal to order production at a faster pace, even though there was no dispute that "Plaintiff is primarily engaged in disseminating information to the public and its request for documents relating to Presidential Proclamation 9945," which suspended the "entry of any immigrant that could not demonstrate the means to obtain private health insurance within 30 days of arriving in the United States," concerned "a federal government activity." 2021 WL 4226239, at *3, *6. In so holding, the court took into account the agency's "finite" resources, and the effects of any production order on other cases. *Id.* at *4; *see also ACLU*, 2021 WL 5449733, at *2 (ordering ICE to process 500 pages per month, despite assertion by ACLU that 1,000 pages per month was justified given the records sought— ICE records concerning its "purchase and use of cell phone location data"—involved a matter of "significant public interest"). Defendants respectfully request that the Court do so here too, in considering Defendants' request for amendment of the Scheduling Order.

      Second, Defendants submit that ICE has exercised the necessary diligence prior to seeking amendment to the Scheduling Order. Since the Scheduling Order was issued, Defendants made the following progress: (1) on December 6, 2021, CBP processed 7 pages referred from DHS OIG under the Third FOIA Request; (2) on December 22, 2021, ICE processed the 4,407 pages DHS OIG referred to it under the First FOIA Request; (3) on December 29, 2021, DOJ processed the one page DHS OIG referred to it under the Third FOIA Request; and (4) on December 29, 2021, ICE processed 314 pages under the Sixth FOIA Request. Schurkamp Decl. ¶¶ 23-24; *see also* Dkt. 38-1–2-38-5. However, also since the issuance of the Scheduling Order, undersigned counsel has conferred with ICE on several occasions and has been informed that the ordered pace of 3,000 pages per month is not workable. As noted previously, the vast majority of the pages processed (4,407 pages) were subject to an initial review prior to the December 3

Scheduling Order in an effort spanning several months, and thus do not represent a pace that ICE can maintain.

And third, a modification of the Scheduling Order will not interfere with any other deadlines set by the Court in this case or the Court's docket generally. On November 16, 2021, the Court issued an order vacating the Final Pretrial Conference and trial dates, Dkt. 32, and, aside from the review completion deadline at issue in this Motion, the Court has not set any other deadlines in this case.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court modify the Scheduling Order (Dkt. 35) to require the processing of 1,500 pages per month and to complete all review by December 2, 2022.

Dated: January 14, 2022

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

 /s/ Matthew J. Smock
MATTHEW J. BARRAGAN
MATTHEW J. SMOCK
Assistant United States Attorneys

Attorneys for Defendants
U.S. Department of Homeland Security, DHS Office of Inspector General, and U.S. Immigration and Customs Enforcement

8